UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASSAS CAPITAL LLC,

    Plaintiff,

v.                                Case No.: 2:23-cv-1095-SPC-NPM

ARCH SPECIALTY INSURANCE
COMPANY, CERTAIN
UNDERWRITERS AT LLOYD'S,
LONDON, SUBSCRIBING TO
CERTIFICATE NUMBER
UMRB1776BP202321N and
UNITED SPECIALTY
INSURANCE COMPANY,

    Defendants.
_____/

## ORDER

Before the Court is Defendants Arch Specialty Insurance Company, Certain Underwriters at Lloyd's London, and United Specialty Insurance Company's Notice of Removal. (Doc. 1). This is a breach of contract action involving property damage that occurred because of Hurricane Ian. Defendants have removed based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing

defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, Defendants have not proven Plaintiff's citizenship.

Plaintiff is a limited liability company. An LLC is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Each member of the LLC must be diverse from the opposing party for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013).

Defendants have identified the members of Plaintiff LLC but have not adequately informed the Court of the citizenship of these members. A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and

2

permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Defendants have provided business addresses for the various Plaintiff LLC members. And for some Plaintiff members, Defendants have also provided addresses attached to professional licenses. But neither a business address nor a professional license is indicative of citizenship. To establish subject-matter jurisdiction, Defendants need to inform the Court of the citizenship of all the members of Plaintiff LLC.

The Court finds that Defendants have not met their burden of establishing this Court's subject-matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Defendants Arch Specialty Insurance Company, Certain Underwriters at Lloyd's London, and United Specialty Insurance Company's must **SUPPLEMENT** their Notice of Removal (Doc. 1) on or before **January 15, 2024**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction.

2. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 29, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4